■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SALTER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a conviction of first degree robbery, second degree robbery, third degree criminal possession of a weapon, and resisting arrest, defendant contends that the court should have suppressed evidence of a *showup* identification of defendant by the victim, that the court should have suppressed the victim's in-court identification, and that the court erred in allowing the arresting officer to bolster the victim's identification testimony. The charges against defendant arose out of his participation with an accomplice in a mugging. The victim was walking to his brother's house and was several blocks from his destination when he was accosted by two men, one of whom he identified as defendant. The victim was able to observe the defendant at close range under good lighting conditions. The mugging was also witnessed by an off-duty police officer who happened upon the scene while jogging. The officer gave chase to the men, ultimately apprehending defendant in front of the victim's

brother's house. In the meantime, the victim had continued to his brother's house and came across the officer and defendant. The victim immediately recognized defendant as one of his assailants. A search of defendant's person revealed that he was in possession of a utility knife that he had used to threaten the victim. Moreover, the victim's wallet was discovered behind the seat of the patrol car in which defendant was transported following the arrest.

There is no merit to defendant's contentions that the court should have suppressed evidence of the showup and the victim's in-court identification. It is arguable whether the pretrial identification can even be characterized as a showup. The confrontation between the victim and defendant following his arrest was not orchestrated by police. By sheer coincidence, defendant was arrested in front of the victim's brother's house, which happened to be the victim's destination. Assuming that the confrontation was a showup, the court correctly found that there was nothing suggestive about it. This was a permissible procedure since it occurred immediately after arrest and within 3 to 4 minutes and several blocks of the attack. The court was also correct in concluding that, absent any impropriety by police in conducting the showup, there was no basis for suppressing the victim's in-court identification.

Reversal is not required as a result of improper bolstering. When the arresting officer initially related the circumstances of the showup, defendant failed to object. When the subject arose at a subsequent point in the officer's testimony, the court sustained defendant's objection and instructed the jury to disregard the improper attempt at bolstering. Thus, to the extent that defendant preserved any objection, the court did not commit any error. (Appeal from judgment of Erie County Court, McCarthy, J.—robbery, first degree, and other charges.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.